IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD RAY SIMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 13-1072-JDT-egb |
| | ) | |
| MELVIN BOND, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER OF PARTIAL DISMISSAL
AND
ORDER TO ISSUE AND SERVE PROCESS ON THE REMAINING DEFENDANTS

On February 26, 2013, Plaintiff Donald Ray Simpson, Tennessee Department of Correction prisoner number 145714, an inmate at the Haywood County Jail ("Jail") in Brownsville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (Docket Entries 1 & 2.) In an order issued on February 27, 2013, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)-(b). (D.E. 3.) The Clerk shall record the Defendants as Haywood County Sheriff Melvin Bond, Jail Superintendent Elma Walker, Lieutenant Tonya Fisher, Officer First Name Unknown ("FNU") Fleming, Officer Jim Last Name Unknown ("LNU"), Supervisor FNU Tyus, and Supervisor FNU Swift.

The complaint alleges that, on September 12, 2012, Plaintiff was jumped by an inmate on Foxtrot Pod. Supervisor Bond, who is not a party to this action, took Plaintiff to lockdown on Echo Pod, which is a maximum-security pod. While on lockdown, Plaintiff overheard members of the

Gangster Disciples threaten his life. On September 15, 2012, Plaintiff asked to be placed on protective custody.[1]

On December 9, 2012, Defendant Fleming ordered the maximum-security inmates to lock down so Plaintiff could have his recreation hour. Plaintiff came out of his cell, and inmates Shaun Tafiafero, Kenneth Deberry, and Christian Delk motioned for Plaintiff to come over to them. Plaintiff opened their cell door and went in. Once he was inside, Delk swung at Plaintiff and broke his nose. Plaintiff fought his way out of the cell and shut the door. X-rays were taken on December 9, 2012, and, on December 12, 2012, Plaintiff was taken to the emergency room for a CT scan. (D.E. 1 at 2.) Plaintiff avers that Officer Fleming was supposed to make sure that the doors to the other inmates' cells were locked before releasing him. (Id.)

Plaintiff also contends that he has been discriminated against on the basis of his race, although the complaint does not identify his race. In approximately June 2012, Lamount Shaw, an African American inmate, jumped Plaintiff over a job. Plaintiff pressed the panic button, and Defendants Walker and Tyus and two other Jail employees responded. Walker, who is African American, put Plaintiff on 23-1 lockdown for 30 days, whereas Shaw, the aggressor, got out of confinement the very next day. Walker also let Shaw have the job. Plaintiff asserts that he attempted numerous times to file charges against Shaw for assault but Walker would not allow him to do so. (Id. at 3.)

On September 12, 2012, Plaintiff was struck by Jerry Pender, an African American inmate. Plaintiff pushed the panic button and Supervisor Bond and another officer, both of whom are African American, responded. Plaintiff was placed on Echo Pod, a maximum-security pod, for 72 hours, and

---

[1] This portion of the complaint implies that no action was taken on this request or it was denied. The complaint also alleges, however, that Plaintiff spent only 72 hours on Echo Pod. (Id. at 3.)

Pender was let out of confinement the next day. Plaintiff tried to press assault charges on Pender, but Defendants Bond and Walker, both of whom are African American, allegedly would not allow it. (Id.)

On December 9, 2012, Plaintiff was jumped by Christian Delk, an African American inmate, who broke his nose. (Id. at 4.)[2] Defendant Fisher, who is white, and Defendant Tyus, who is African American, told a nurse practitioner that Plaintiff injured himself. Don Willie, who is not a party to this suit, sent Plaintiff to a suicide cell and, later, to the Western State Mental Institution in Bolivar, Tennessee. Plaintiff was later returned to the Jail. He asserts that he tried to press assault charges on Delk but Defendants Bond, Walker, and Fisher would not let him do so. (Id. at 4.)

On May 21, 2013, Plaintiff filed a copy of a letter to him from Defendant Bond, which was dated February 21, 2013. The letter states, in pertinent part, as follows:

> I received your grievance form regarding a fight between you and Christian Delk. As part of the investigation I pulled the video from the cameras located inside the Pod and viewed the altercation between you and Christian Delk. After interviewing witnesses and reviewing the video footage, it is unclear who started the fight and appeared that you were as much of an aggressor as Mr. Delk was. . . .
>
> . . . .
>
> Furthermore, you have requested to speak with a Deputy regarding the fight between you and Christian Delk, which occurred on December 9, 2012. A report will be filed on this matter and if you wish to file a criminal summons on Mr. Delk, then that is certainly your right. You had been released from jail after the altercation and before you returned to jail to file a grievance and had an opportunity to file assault charges then. A police report will be on file in my office and you may request a copy when you are ready to file charges.

(D.E. 8 at 2.)

---

[2] The complaint says this incident happened on December 9, 2013, but that is obviously a typographic error. (Id.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>    (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

>    (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally." Hill, 630 F.3d at 470 (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)). "Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." Id. (citing Neitzke, 490 U.S. at 328-29).

4

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness.

Id. at 471 (citations and internal quotation marks omitted).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams, 631 F.3d at 383 (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, No. 09-5480, 2011 WL 1827441, at *4 (6th Cir. May 12, 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all

5

who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *cert. denied*, 132 S. Ct. 461 (2011).

To state a claim under 42 U.S.C. § 1983,[3] a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).

The complaint contains no factual allegations against Defendants Jim LNU and Swift. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570.

Some of Plaintiff's claims do not appear to be asserted against any named Defendant. Supervisor Bond is not a party to this action, and no Defendant is alleged to be responsible for denying Plaintiff's request for protective custody. None of the Defendants are alleged to be responsible for keeping Plaintiff on Echo Pod for 72 hours but releasing Inmate Pender the day after the assault on Plaintiff. Don Willie, the individual who assigned Plaintiff to a suicide cell and, later, had him transferred to a psychiatric hospital is not a party to this action.

The complaint does not state a valid claim against any Defendant for refusing to let Plaintiff file criminal charges against the inmates who allegedly assaulted him. As a preliminary matter, the complaint does not detail what any party did to prevent Plaintiff from asking that charges be brought. The letter from Defendant Bond to Plaintiff informs Plaintiff that he has the right to file

---

[3] Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

charges against Delk and states that "[a] police report will be on file in my office and you may request a copy when you are ready to file charges." (D.E. 8 at 2.)

Under Tennessee law, a private citizen may seek the issuance of an arrest warrant or a criminal summons. See Tenn. R. Crim. P. 4(a). An arrest warrant must be signed by a magistrate or court clerk. Id. 4(c)(1)(A). The complaint does not allege that Plaintiff was prevented from reporting the incident to the local district attorney general or from seeking the issuance of an arrest warrant or criminal summons. Furthermore, Plaintiff's rights are not violated by the failure of a magistrate or clerk to issue a warrant or criminal summons or by the failure of Jail personnel to seek the filing of criminal charges. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973)).

Therefore, except for the failure to protect claim against Defendant Fleming, the race discrimination claim against Defendant Walker, and the claim against Defendants Fisher and Tyus for falsely reporting that Plaintiff injured himself, the Court DISMISSES the complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

It is ORDERED that the Clerk shall issue process for Defendants Walker, Fisher, Fleming and Tyus and deliver that process to the U.S. Marshal for service. Service shall be made on Defendants Walker, Fisher, Fleming and Tyus pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rule of Civil Procedure 4.04(1) and (10), either by mail or personally if mail service is not effective. All costs of service shall be advanced by the United States.

It is further ORDERED that Plaintiff shall serve a copy of every subsequent document he files in this cause on the attorneys for Defendants Walker, Fisher, Fleming and Tyus and on any

unrepresented Defendant.  Plaintiff shall make a certificate of service on every document filed. Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.[4]

Plaintiff shall promptly notify the Clerk, in writing, of any change of address or extended absence.  Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

                                       s/ **James D. Todd**
                                       JAMES D. TODD
                                       UNITED STATES DISTRICT JUDGE

---

[4] A free copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the Court's website at www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.